UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DEBORAH LAUFER, Individually** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No.: 1:20-cv-02136 |
| | * | |
| **NARANDA HOTELS, LLC,** | * | |
| a Maryland Corporation | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S  MOTION TO DISMISS**

Defendant Naranda Hotels, LLC (hereinafter "Naranda"), through undersigned counsel, submits the following Memorandum of Points and Authorities in Support of its Motion to Dismiss Plaintiuff Deborah Laufer's Complaint on grounds that this Court lacks subject matter jurisdiction over the claims asserted therein, and the Complaint fails to state a claim against Defendant upon which relief can be granted.

**I.     BACKGROUND**

The Plaintiff Deborah Laufer has filed a Complaint herein against Defendant Naranda seeking declaratory relief, attorney's fees, litigation expenses and costs, purportedly pursuant to the Americans With Disabilities Act, 42 U.S.C., sections 12181, *et seq.*  According to the Complaint, Plaintiff is a resident of Pasco County, Florida who allegedly qualifies as an individual with disabilities under the Act. Plaintiff alleges that she is wheelchair bound and requires special accommodations in places of public accommodation, including accessible handicap parking spaces, access ramps, grab bars, and lowered sinks and other amenities (Complaint par.1).  Plaintiff alleges that she is a "tester" for the "purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA" (Complaint par.2).  The Complaint

alleges that Narander owns a place of public accommodation/lodging known as Sleep Inn & Suites Downtown Inner Harbor, "located in the County of Baltimore"(Complaint par.3).  The property in fact is located in Baltimore City.

Plaintiff contends that Narander "either itself or by and through a third party, implemented, operates, controls and or maintains websites for the Property which contains an online reservation system.  "These websites are located at:  booking.com, trip.com, priceline.com, agoda.com, expedia.com, and orbitz.com" (Complaint par.9). It is not clear from the Complaint which entities own, operate or control the content of these websites.  Plaintiff apparently contends that Narander has violated the Americans With Disabilities Act because Plaintiff visited the websites located at booking.com, trip.com, priceline.com, agoda.com, expedia.com, and orbitz.com, and was unable to ascertain whether Narander's hotel accommodations "meet the requirements of 28 C.F.R., section 36.302(e) and her accessibility needs"(Complaint par. 10).  Plaintiff has not alleged that Narander owned or controlled the content of the websites listed.  Plaintiff has not alleged that Narander's hotel's website did not allow her to ascertain whether Narander's hotel's accommodations meet the requirements of the Act, or did not allow for reservation of accessible guest rooms.

Plaintiff claims that "[t]he violations present at Defendant's websites infringe Plaintiff's right to travel free of discrimination and deprive her of the information required to make meaningful choices to travel" (Complaint par. 13).  The Complaint alleges that because the information regarding Narander's hotel on the websites located at booking.com, trip.com and other third party websites discriminates against Plaintiff by not providing complete accessibility information, "…it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible" (Complaint par. 13).  The Complaint does not

allege that the Plaintiff ever attempted to ascertain the information from Narander's hotel's website, or that she attempted to do so, but was unsuccessful. Plaintiff does not allege that she ever attempted to reserve an accessible room at Narander's hotel. There is no allegation that Narander's hotel is not, in fact, accessible, or does not allow for the reservation of accessible rooms.

The Complaint alleges that the "Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify its websites to comply with the requirements of the ADA…"(Complaint par. 14). Significantly, however, the Plaintiff does not allege that she has ever travelled to the Baltimore metropolitan area, or that she ever intends to travel to the Baltimore metropolitan area in the future. The Complaint fails to contain sufficient allegations to establish that Narander has violated the Americans with Disabilities Act or regulations. Moreover, Plaintiff has not alleged facts to demonstrate that, even if there was a violation of the Act, she has suffered an injury that is particularized and concrete. There is nothing alleged in the Complaint to establish that Plaintiff has suffered an injury that is real, and not abstract.

In the absence of allegations in the Complaint that the Plaintiff has or will suffer an injury in fact that is individual to her, and not common to all disabled members of the public, there is no "case" or "controversy" which would permit the Court to exercise subject matter jurisdiction in this case.

II. **LEGAL STANDARDS**

    A. **Motion to Dismiss**

        1. Failure to State a Claim (Rule 12(b)(6))

When deciding a motion to dismiss under Fed. R. Civil Proc. 12(b)(6), the Court assumes the factual allegations in the Complaint to be true, and draws all reasonable inferences in favor of the Plaintiff as the non- moving party. *Bazemore v. Best Buy,* 957 F. 3d 195, 200 (4th Cir. 2020). While a Court must accept as true all factual allegations in the Complaint, the principle does not apply to legal conclusions couched as factual allegations. *Atlantic Corp. v. Twombley,* 550 U. S. 544, 555, 127 S. Ct.1955 (2007). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Gross v. Morgan State Univ.,* 308 F. Supp. 3d 861, 864 (D. Md. 2018) citing *Ashcroft v. Igbal,* 556 U. S. 662, 678, 129 S. Ct. 1937 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged". *Gross v. Morgan State Univ., supra,* citing *Ashcroft v. Igbal, supra.* An inference of a mere possibility that the defendant committed misconduct is not sufficient to state a plausible claim. *Gross v. Morgan State Univ., supra, citing Ashcroft v. Igbal, supra,* 556 U. S. at 679.

  2. Lack of Subject Matter Jurisdiction (Rule 12(b)(1))

A motion to dismiss for lack of subject matter jurisdiction is appropriate if material jurisdictional facts are not in dispute. *Williams v. Potomac Family Dining Grp. Operating Co., LLC,* 2019 U. S. Dist. LEXIS 181604, pp. 5 - 6 (D. Md. 2019). The burden of establishing subject matter jurisdiction is on the Plaintiff. *Id.* Where subject matter jurisdiction is challenged, the pleadings are considered mere evidence on the issue - the Court may consider facts outside the pleadings without converting the motion to a motion for summary judgment. *Id. See also, M. R. v. Tajdar,* 2020 U. S. Dist. LEXIS 116608, p. 10 (D. Md. 2020).

B.      **Subject Matter Jurisdiction/Standing**

Article III of the U. S. Constitution limits the power of the U. S. Courts to "cases" and "controversies". Within this limitation is a set of requirements that make up the requirement of standing. *Griffin v. Dep't. of Labor Fed. Credit Union,* 912 F. 3d 649, 653 (4th Cir. 2019), citing *Lexmark Int'l., Inc. v. Static Control Components, Inc.,* 572 U. S. 118, 125, 134 S. Ct.1377 (2014). The three requirements that make up standing are: 1) injury in fact; 2) causation; and 3) redressability. *Griffin, supra,* citing *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547, 164 L. Ed. 2d 589 (2006); *Carroll v. Northwest Fed. Credit Union,* 770 Fed. Appx. 102, 104 (4th Cir. 2019). Where the requirements of standing are not met, the Court does not have subject matter jurisdiction, and cannot properly address the merits of the case. *Griffin, supra,* citing *Spokeo, Inc. v. Robins, supra,* 136 S. Ct. at 1547. "Injury in fact is an indispensable aspect of constitutional standing; no 'Case' or 'Controvers[y]' exists without injury. It is '[f]irst and foremost' of the three requirements of constitutional standing". *Griffin, supra.* Where injunctive relief is sought, there is the additional requirement of a "real or immediate threat" that the party will suffer an injury in the future. *Id.,* citing *City of Los Angeles v. Lyons,* 461 U. S. 95, 111, 103 S. Ct. 1660 (1993). Even under the broad interpretation of civil rights statutes, a "Plaintiff must allege an injury that is concrete, particularized and immediately threatening". *Griffin, supra.* An injury is "concrete" when it is "real and not abstract". *Griffin, supra,* quoting *Spokeo, Inc., supra,* 136 S. Ct. at 1548. The Plaintiff must "state a plausible allegation that there is a likelihood that he [or she] will suffer a future harm. The likelihood must be greater than a 'mere possibility'". *Powell v. Wheaton WIC Ctr.,* 2019 U. S. Dist. LEXIS 21461, p. 5 (D. Md. 2019).

Dignitary harms or stigmatic injuries, while not tangible or involving monetary loss, may be sufficiently concrete to meet the requirements of standing. However, not all dignitary harms are sufficiently concrete. *Griffin, supra,* 912 F.3d at 653 - 654.  Geographic separation between the challenged conduct and the stigmatic injury can render the injury too abstract. *Griffin, supra,* 912 F. 3d at 654, citing *Allen v. Wright,* 468 U. S. 737, 756-757, 104 S. Ct. 197 (1980).

In order to meet the standing requirement, the injury alleged must be particularized.  For an injury to be particularized, it must affect the Plaintiff in a way that is personal and "individual". *Griffin, supra,* 912 F.3d at 654 – 655, citing *Lujon v. Defenders of Wildlife,* 504 U. S. 555, 560 n.1, 112 S. Ct. 2130 (1992).  *See Carroll v. Northwest Fed. Credit Union, supra,* 770 Fed. Appx. at 104; *Amadon v. Mnuchin,* 2020 U. S. Dist. LEXIS 140175, p. 26 - 27 (D. Md. 2020).  There must be some connection between the Plaintiff and defendant that "differentiates" the Plaintiff so that his or her injury is "not common to all members of the public". *Griffin, supra,* 912 F. 3d at 655, quoting *United States v. Richardson,* 418 U. S. 166, 177, 94 S. Ct. 2940 (1974).

### III. <u>ARGUMENT</u>

#### A. **Failure to State a Claim.**

The Plaintiff's Complaint fails to allege sufficient facts to establish that Narander has violated the Americans With Disabilities Act, or the Federal regulations cited in the Complaint.  The Plaintiff has not alleged that Narander owns, operates, or controls the content of the websites located at booking.com, trip.com, priceline.com, agoda.com, expedia.com, or orbitz.com.  There are insufficient facts alleged to demonstrate that Narander is responsible for the alleged violations by these third party

sites. Moreover, there is no indication that the injunctive relief sought against Narander would redress any alleged violations on these sites.

In addition, there is not unanimity among the Circuits as to whether a website is considered a "public accommodation" as contemplated by the Act. It is not clear that the Fourth Circuit would conclude that a third party website, not connected to the Defendant's physical hotel, is considered to be a public accommodation under the Act. *See Noah v AOL Time Warner, Inc.*, 261 F, Supp. 2d 532, 540-545 (E. D. Va. 2003) aff'd 2004 U.S. App. LEXIS 5495 (4th Cir. 2004); *Binks v. Ally Bank,* 2020 U.S. Dist. LEXIS 174344, p.6 n.3 (D. Md. 2020)(Title II); *Stanford v. Halloway,* 2017 U. S. Dist. LEXIS 39290, pp. 7-8 (D. Md. 2017 (Title II); *Buchholz v. Aventura Beach Assoc's.,* 2018 U. S. Dist. LEXIS 2177 (S. D. Fla. 2018).

There is no allegation in the Complaint that the Plaintiff ever tried to book a room at Narander's hotel, or ever visited Narander's hotel's website. There is no allegation that Narander's hotel's website did not provide appropriate accessibility information, or did not allow Plaintiff to reserve an accessible room. Plaintiff has not alleged that Narander's hotel's handicapped accommodations do not meet the requirements of the Act.

### B.   Lack of Subject Matter Jurisdiction.

The Plaintiff's Complaint fails to allege facts to establish that she has suffered an injury in fact which meets the constitutional standing requirement for this Court's exercise of subject matter jurisdiction. The Complaint fails to establish that Plaintiff has suffered an injury that is concrete, particularized, or individual to her.

Plaintiff has alleged that she went to third party websites operated by booking.com, trip.com, priceline.com, agoda.com, expedia.com and orbitz.com, and that those sites did not provide information as to whether Narander's hotel offered the

accommodations required by the Americans With Disabilities Act, and did not identify or allow for reservation of accessible guest rooms.  In light of the fact that the Complaint does not allege that Plaintiff ever tried booking a room at Narander's hotel, and has never travelled to the Baltimore metropolitan area, the harm allegedly suffered by Plaintiff in simply visiting the third party sites is not sufficiently concrete to confer standing.

The Complaint does not allege that Narander owns or controls the content of those websites, or that the accessibility information is not provided on Narander's hotel's website.  Significant to the lack of subject matter jurisdiction issue is the fact that Plaintiff has not alleged that she ever attempted to reserve a room at Narander's hotel.  Plaintiff has not alleged that she has ever travelled to the Baltimore metropolitan area, or that she has any plans to do so in the future.  There is no allegation that the alleged lack of information on the third party websites has prevented Plaintiff from travelling to the Baltimore metropolitan area, or has interfered with her plans to do so.  Plaintiff merely alleges that the lack of information as to handicapped accessibility on the third party sites makes it more difficult to book a room at Narander's hotel.  The mere possibility that booking a room at Narander's hotel might be more difficult if Plaintiff ever decided to travel to the Baltimore metropolitan area does not establish injury in fact.  The damages alleged by the Plaintiff are hypothetical and abstract, and not individual to the Plaintiff.  The allegations are not sufficient to support the exercise of subject matter jurisdiction over this case.

In *Powell v. Wheaton WIC Ctr., supra,* p.5, the Court made clear that a Plaintiff must allege plausible facts to show that he or she will suffer a future harm. The likelihood of harm must be more than a mere possibility.  In *Carroll v. Northwest*

*Fed. Credit Union, supra,* the court stated that mere "some day" intentions, without concrete plans, will not support a finding of "actual or imminent" injury. *Id.*, 770 Fed. Appx. at 104-105, citing *Lujon v. Defenders of Wildlife, supra,* 504 U. S. at 564.

## IV.     CONCLUSION

Plaintiff's Complaint fails to allege sufficient facts to establish that Narander has violated the Americans With Disabilities Act. Moreover, Plaintiff has not alleged that she has ever attempted to book an accessible room at Narander's hotel, has ever travelled to Baltimore, or has an intention to ever do so. The allegations in the Complaint fail to allege facts establishing an injury in fact that is particularized and concrete, and individual to Plaintiff. The Complaint, therefore, fails to establish that Plaintiff has standing to invoke this Court's exercise of subject matter jurisdiction.

For the foregoing reasons, the Defendant's Motion to Dismiss should be granted.

                                                                            DECARO, DORAN, SICILIANO,
                                                                            GALLAGHER & DeBLASIS, LLP


                                             By:     /s/ Steven J. Parrott
                                                     Steven J. Parrott, #02162
                                                     DeCaro, Doran, Siciliano,
                                                       Gallagher & DeBlasis, LLP
                                                     17251 Melford Boulevard, Suite 200
                                                     Bowie, Maryland 20715
                                                     (301) 352-4950
                                                     Sparrott@decarodoran.com
                                                     *Attornesy for Naranda Hotels, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **29th** day of September, 2020, Defendant's Memorandum in Support of Motion to Dismiss was electronically filed and served on counsel of record for Plaintiff, and a copy emailed and sent via first class U.S. Mail, postage prepaid to:

>Tristan W. Gillespie, Esquire
>Thomas B. Bacon, P.A.
>5150 Cottage Farm Road
>Johns Creek, GA 30022
>Gillespie.tristan@gmail.com
>***Attorney for Plaintiff***

                                              /s/ Steven J. Parrott
                                              Steven J. Parrott, #02162