**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

DEBORAH LAUFER,                   *

                                 *

        Plaintiff,           *

                                 *

    v.                      *     **Civil Action No.: 1:20-cv-2136**

                                 *

NARANDA HOTELS, LLC,      *

                                 *

        Defendant.      *

   *     *     *     *     *     *     *     *     *     *     *     *

**DEFENDANT'S REPLY TO  PLAINTIFF'S MEMORANDUM
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant Naranda Hotels, LLC (hereinafter "Naranda"), through undersigned counsel, submits the following Reply to Plaintiff's Memorandum in Opposition to its Motion to Dismiss Plaintiff Deborah Laufer's Complaint on grounds that this Court lacks subject matter jurisdiction:

**I.      BACKGROUND**

The Plaintiff Deborah Laufer, a resident of Florida, filed a Complaint herein against Defendant Naranda, purportedly pursuant to the Americans with Disabilities Act, 42 U.S.C., sections 12181, *et seq.,*      (hereinafter the "ADA") contending that Naranda has violated the ADA  because information about Naranda's hotel, shown on third party websites operated by booking.com, trip.com, priceline.com, agoda.com, expedia.com, and orbitz.com, failed to "meet the requirements of 28 C .F .R., section 36.302(e) and her accessibility needs" (Complaint par. 10).  Plaintiff has not alleged that she has ever attempted to book a room at Naranda's hotel.  She does not allege that she has ever contacted Naranda's hotel, or visited Naranda's brand website.  Significantly, Plaintiff does not allege that Naranda's brand website fails to meet the requirements of the ADA.

There is no allegation in the Complaint that Plaintiff has ever visited Baltimore, or has ever had an intention to visit Baltimore.  Plaintiff has not alleged that Naranda owned or controlled the content of the third party websites she has identified as being owned, operated and/or maintained by "booking.com, trip.com, priceline.com, agoda .com, expedia.com, and orbitz.com".

Plaintiff has not alleged that these third party websites did not contain information which allowed Plaintiff to access Naranda's brand website.  The Complaint does not allege that Naranda's website did not contain information which allowed Plaintiff to determine whether accessible rooms were available for her to book.  The Affidavit of Naranda employee Ashley Cherry, attached hereto as Exhibit A, establishes that Naranda's website did contain (and currently does contain) information compliant with the ADA, including information regarding availability of accessible rooms.

Plaintiff claims that "[t]he violations present at Defendant's websites infringe Plaintiff's right to travel free of discrimination and deprive her of the information requires to make meaningful choices to travel," even though Plaintiff does not allege that 1) she ever intended to travel to Baltimore, 2) that she has ever tried to book a reservation at Naranda's hotel, or 3) that she has ever visited Naranda's hotel's website after seeing Naranda's hotel listed on the third party sites.  Plaintiff claims that the alleged lack of information on the third party websites discriminate against her and "…it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible" (Complaint par. 13). Apparently the Plaintiff never attempted to visit Naranda's hotel's website, or attempted to do so, but was unable to book a room which accommodated her.  The Complaint does not allege that Naranda's hotel is not, in fact, accessible, or does not allow for the reservation of accessible

rooms.  Plaintiff has not attached to her Complaint screenshots or documents reflecting the third party sites she visited and the information she found on the third party sites.

It is evident from the face of the Complaint that the Plaintiff has not alleged facts that would establish that she has or will suffer an injury in fact that is individual to her, and not common to all disabled members of the public.  It is also clear from the Complaint that Plaintiff does not know whether Naranda's website complies with the Act because there is no allegation that she ever went to Naranda's website after becoming aware of Naranda's hotel on the third party websites operated by "booking.com, trip.com, priceline.com, agoda .com, expedia.com, and orbitz.com".

Plaintiff has responded with a 32 page Memorandum in Opposition to Defendant's Motion to Dismiss, which devotes significant "argument' to issues which are not contested by Defendant.  For example, Plaintiff's Memorandum "argues" that a plaintiff is not precluded from bringing an action for violation of the Americans with Disabilities Act simply by virtue of the fact that the plaintiff is a "tester".  Defendant has not argued in its Motion to Dismiss that Plaintiff's status as a "tester" automatically precludes her from bringing this action.  However, Defendant does contend that Plaintiff's "tester" status does not confer standing, and that a "tester" is nevertheless required to meet the constitutional standing requirements before a federal court may exercise subject matter jurisdiction over the action.

Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, and its Affidavit and DOJ attachment, fail to adequately address the lack of standing issue, and fail to establish that Plaintiff has or will suffer an injury in fact which would be necessary to for this Court to exercise subject matter jurisdiction.

II.  **REPLY ARGUMENT**

A.  **Plaintiff's Status as a "tester".**

Defendant does not contest that the Plaintiff's status as a "tester" does not preclude standing.  However, her status as a tester does not confer standing.  A Plaintiff bringing an action in her capacity as a tester must still demonstrate that she has standing by establishing an injury in fact, and a real and imminent threat of future injury.  *See Houston v. Marod  Supermarkets, Inc.,* 733 F. 3d 1322, 1334-1335 (11th Cir. 2013); *Hernandez v. Caesars License Co.,* 2019 U. S. Dist. LEXIS 172456, pp.10 – 11(D. N. J. 2019); *Cohan v. Cal. Pizza Kitchen, Inc.,* 2019 U. S. Dist. LEXIS 150269 (E. D. Mich. 2019); *Norkunas v. Park Rd. Shopping Ctr., Inc.,* 777 F. Supp. 2d 998, 1005 (W. D. N. C. 2011) aff'd. 424 Fed. Appx. 369 (4th Cir. 2012).  Tester status does not relieve a Plaintiff of the burden to prove standing.

B.  **Plaintiff's Complaint fails to establish that she has standing.**

1.  Plaintiff has failed to allege facts demonstrating that she has suffered an injury in fact, and an imminent threat of future injury.

Where standing is challenged, the Plaintiff has the burden of establishing each prong of the minimum standard for standing.  *Equal Rights Ctr. v. Abercrombie & Fitch Co.,* 767 F. Supp. 2d 510, 514 – 515 (D. Md. 2010) citing *Friends for Ferrell Parkway, LLC   v. Stasko,* 282 F. 3d 315, 320 (4th Cir. 2002).   In order to meet the minimum standard for standing, the Plaintiff must establish:

1)  An injury in fact which is both "concrete" and "particularized" and "actual and imminent";

2)  A causal connection between the injury and the conduct of the defendant; and

3)  The likelihood that the injury will be redressed by a favorable decision.

*Equal Rights Ctr. v. Abercrombie & Fitch Co., supra* at 514-515, citing *Lujon v. Defenders of Wildlife,* 504 U. S. 555, 560-561, 112 S. Ct.2130 (1992).  The basis for standing must exist at the time of commencement of the action.  *Equal Rights Ctr. v. Abercrombie & Fitch Co., supra* at 515.

 To establish an injury in fact, or the threat of an imminent future injury, the Plaintiff had the burden of establishing that she attempted to utilize Naranda's hotel and could not, and  an intention to use the hotel in the future.  *See Proctor v. Prince George's Hospital Center,* 32 F. Supp. 3d. 830, 833 (D. Md. 1998); *Narkunas v.Park Rd. Shopping Ctr., Inc.,* 777 F. Supp. 2d 998, 1001 (W. D. N. C. 2011) aff'd 424 Fed. Appx. 369 (4th Cir. 2012).  General expressions of intent to return to and/or utilize a defendant's facility are not sufficient.  Expressions of "some-day" intentions, without a description of concrete plans, are not sufficient.  *National Alliance for Accessibility, Inc. v. Big Lots  Stores, Inc.,* 2012 U. S. Dist. LEXIS 58200, p. 13 (M. D. N. C. 2012).  In assessing the credibility of the allegations of intent to return to a defendant's facility, the court considers:

 1) A plaintiff's proximity to the defendant's facility,

 2) A plaintiff's past patronage;

 3) The definiteness of the plaintiff's plans to return; and

 4) The plaintiff's frequency of nearby travel.

*Equal Rights Ctr. v. Abercrombie & Fitch Co., supra,* at 516; *Proctor v. Prince George's Hospital Center, supra* at 833; *National Alliance of Accessibility, Inc. v. Big Lots Stores, Inc., supra* at p. 14.

 In this case, the Plaintiff's Complaint does not allege that Plaintiff ever tried to book a room at Naranda's hotel, or that she has definite plans to book a room in the future.  There is no

allegation that she ever visited the Baltimore Metropolitan area in the past, or has definite plans to visit the area in the future.  The Complaint does not allege that the Plaintiff ever visited Naranda's website, only the third party websites operated by others.  There is no allegation that Naranda's own website did not provide accessibility information, or would not permit her to book an accessible room.  There is no allegation that Plaintiff ever contacted Naranda or visited Naranda's website after learning of the existence of Naranda's hotel on the third party operated websites.

Perhaps realizing that her Complaint fails to allege facts demonstrating that she has suffered an injury in fact, or the threat of an imminent future injury, Plaintiff has now filed an Affidavit wherein she claims that "…as soon as the Covid crisis abates, Plaintiff intends to travel to Maryland, travel all over the State, including the Baltimore area, and stay in area hotels" (Plaintiff's Memorandum p. 2; Affidavit of Plaintiff).  The Affidavit does not establish that the Plaintiff has ever travelled to Maryland, or to the Baltimore area in the past, or that she has ever attempted to book a room at Naranda's hotel in the past, or at any hotel in Maryland in the past. The Affidavit does not offer any facts to explain why Plaintiff has an interest in travelling to Maryland in the foreseeable future.  Significant to the imminent future injury issue is the fact that Plaintiff now states in her Affidavit that she plans to travel to this area "as soon as the Covid crisis abates".  There is no indication as to what Plaintiff means by "as soon as the Covid crisis abates".  Does Plaintiff contend that the Covid crisis will have sufficiently abated that she is willing to travel when the rate of positive tests in Maryland drops below a certain percentage? Will the Plaintiff consider the Covid crisis to have sufficiently abated when an effective vaccine has been administered to a specified percentage of the population?  Will the Plaintiff consider the Covid crisis to have sufficiently abated when no new cases have been reported in Maryland after

a specified period?  The statements in the Affidavit, when accepted in the light most favorable to the Plaintiff, fail to establish specific or concrete plans on the part of Plaintiff to travel to Maryland, or to utilize Naranda's hotel sufficient to establish a threat of imminent future injury. The allegations amount to nothing more than "some- day" plans to travel to Maryland.  *See Carroll   v. Northwest Fed. Credit Union*, 770 Fed Appx. 102, 104 (4th Cir. 2019).  Contrary to Plaintiff's argument, the decision in *Griffin v. Dep't of Labor Fed. Credit Union,* 912 F. 3d 649 (4th Cir. 2019) is availing.  Plaintiff's Affidavit filed with her Memorandum makes *Griffin* all the more applicable because it confirms that Plaintiff's recently expressed travel plans do not become imminent, and thus her threat of imminent harm does not materialize, until the Covid crisis "abates."

Far from establishing the existence of an injury in fact, Plaintiff's Affidavit confirms that any injuries suffered by Plaintiff, including future injuries, are speculative and non-specific.  The Affidavit affirmatively establishes that at the time she viewed the third party sites, Plaintiff could not have suffered an injury in fact, or the imminent threat of future harm.  The Plaintiff's allegations are insufficient to establish constitutional standing.

In addition, the Affidavit of Naranda employee, Ashley Cherry, attached hereto, establishes that the problem encountered by Naranda in having information regarding room availability posted on the third party sites, which apparently serves as the basis of Plaintiff's allegation that the third party sites violated the ADA, was corrected in early September 2020.  As demonstrated below, because Plaintiff's plans to travel to the Baltimore area are based upon the abatement of the Covid crisis, which has not yet occurred, Plaintiff cannot establish that any alleged violation interfered with her travel plans.

**2.     Under the circumstances of this case, the third party operated websites themselves were not public accommodations as contemplated under the ADA**

Plaintiff apparently contends in her Memorandum in Opposition to Motion to Dismiss that the third party sites operated by booking.com, trip.com, priceline.com, agoda .com, expedia.com, and orbitz.com were themselves places of public accommodation and, therefore, Plaintiff suffered an injury in fact when she visited those sites and allegedly discovered that they did not display the availability of accessible rooms at Naranda's hotel and/or did not provide sufficient accessibility information.  She argues that because the third party websites were places of public accommodation, she need not establish that she has ever attempted to book a room at Naranda's hotel, or an intention to travel to the Baltimore area, or an intention to book a room at Naranda's hotel in the future.  Plaintiff argues that simply viewing the third party operated sites constitutes a sufficient injury to establish standing.  Plaintiff's argument is not supported by law, or the circumstances specific to this case.

First, Plaintiff has not shown that the third party websites operated by booking.com, trip.com, priceline.com, agoda .com, expedia.com, and orbitz.com should be recognized as places of public accommodation under the ADA.  It is not clear that the Fourth Circuit would conclude that a third party website, not connected to the Defendant's hotel, is a public accommodation under the ADA.  *See Noah v. AOL Time Warner, Inc.,* 261 F. Supp. 2d 532, 540 – 545 (E. D. Va. 2003) aff'd 2004 U. S. App. LEXIS 5495 (4th Cir. 2004); *Binks v. Ally Bank,* 2020 U. S. Dist. LEXIS 174344, p. 6 n.3 (D. Md. 2020)(Title II); *Stanford  v. Halloway,*  2017 U. S. Dist. LEXIS 39290, pp. 7 – 8 (D. Md. 2017)(Tittle II); *Buchholz v. Aventura Beach Assoc's.,* 2018 U. S. Dist. LEXIS 2177 (S. D. Fla. 2018).

Plaintiff relies upon numerous decisions from the District Courts in the Southern District of Florida, which she contends support the proposition that websites constitute places of public accommodation, thereby obviating the need for her to establish that she has visited Naranda's Hotel, or intends to do so in the immediate future.  Plaintiff's argument overlooks the fact that in *Buchholz v. Aventura Beach Assoc's., supra,* the Court observed that a "multitude of courts in the Southern District of Florida" are split on the issue of whether the ADA limits places of public accommodation to physical places.  *Id.* at p. 5.  The court in *Buchholz* observed that the 1st, 2nd and 7th Circuits have found that the Act applies to websites regardless of a connection to a physical facility.  *Id.*  The 3rd, 6th and 9th Circuits have held that the Act applies only if the goods and services offered on the website have a sufficient nexus to a physical place.  *Id.,* at p. 6.  The *Buchholz* Court stated that the 11th Circuit has not expressly adopted either position, but has expressed support for those decisions which "require a nexus between the challenged service and the premises of the public accommodation."  *Id.,* at p. 7.

The decisions from the Southern District of Florida do not uniformly support Plaintiff's position that the third party websites at issue should be considered places of public accommodation under the ADA.  For example, in *Lucius v. G-III Apparel Grp., Ltd.,* 2019 U. S. Dist. LEXIS 126810, pp. 3 – 6 (S. D. Fla. 2019), the Court held that the website in question was not a place of public accommodation, and that there was no injury demonstrated because there were no allegations that the lack of information on the website hindered the plaintiff from accessing the Defendant's store.  The Court in *Lucius* stated that the majority of the decisions from the Southern District of Florida agree that websites are not covered under the ADA unless some factor hinders the full use and enjoyment of the space, citing *Gomez v. Bang & Olufsen Am., Inc.,* 2017 U. S. Dist. LEXIS 15457, p.3 (S. D. Fla. 2017).  A similar result was reached in

*Haynes v. Pollo Operations, Inc.,* 2018 U. S. District LEXIS 51748 (S. D. Fla 2018).  In *Reddish v. Ovadia,* 2020 U. S. LEXIS 145940,  pp. 14 – 15 (S. D. Fla. 2020), the court held that the website constituted a place of public accommodation, however, in reaching its conclusion, the Court noted that the defendant directly operated and exclusively controlled the website and its content.  The case did not involve a third party operated website where there has been no allegation that the defendant exclusively controlled the site.  In *Fuller v. Mazal Group, LLC,* 2018 U. S. Dist. LEXIS 129969, pp. 10 - 11 (S. D. Fla. 2018), the court based its standing conclusion on the fact that the plaintiff alleged that he had patronized the defendant's business in the past, and had definite plans to do so in the future.

Unlike the websites involved in most of the cases cited by Plaintiff, the websites involved in this case are owned and operated by third parties booking.com, trip.com, priceline.com, agoda.com, expedia.com, and orbitz.com.  Plaintiff has not alleged that Naranda owns those third party sites, or directly or exclusively controls the sites.

Plaintiff argues that "[i]nformational injury has been recognized in this Circuit," citing to *Co. Doe v. Pub. Citizen,* 749 F. 3d 246, 263-264 (4th Cir. 2014) and *Murray Energy Corp. v. McCarthy,* 2015 U. S. Dist. Lexis 39130, pp. 20 – 21 (N. D. W. Va. 2015)(Plaintiff's Memorandum in Opposition, p. 19).  However, neither case is applicable to the ADA claims in this case.  *Co. Doe v. Pub. Citizen* involves the public's right to information contained in Court records.  *Murray Energy* involved the public's right to access to EPA investigation materials. Neither case even remotely addresses the issue of whether a third party operated website is considered a public accommodation under the ADA, and neither case addresses the sufficiency of the information posted on such sites.

The third party websites involved in this case cannot be considered to be places of public accommodation because the availability of information regarding accessible rooms at Naranda's Hotel is not limited to these third party websites.  While the third party sites operated by booking.com, trip.com, priceline.com, agoda.com, expedia.com, and orbitz.com. include listings for Naranda's Hotel, and numerous other hotels, Naranda also has its own brand website which contains ADA compliant information, and on which Plaintiff had the ability to determine whether accessible rooms were available, and if so,  allowed Plaintiff to book an accessible room.  The Plaintiff has not alleged in her Complaint that she ever attempted to access Naranda's brand website, that she was unable to access Naranda's website, or that she was unable to find information regarding the availability of accessible rooms on Naranda's website.  There is no allegation that Narander's website is not ADA compliant.  Plaintiff has not established that the information she was seeking was not available on Naranda's website once she learned of the existence of Naranda's Hotel on the third party operated websites.  Thus, this Court does not need to determine whether the Fourth Circuit would hold that the ADA applies to websites generally, or applies to the third party websites at issue in this case, and if so, under what circumstances, because there has been no showing that Naranda exclusively controlled these third party sites, and no showing that the information/access Plaintiff alleges she sought was not available to her on Naranda's website.  Under the circumstances presented by this case, there is no basis for concluding that the third party websites operated by booking.com, trip.com, priceline.com, agoda.com, expedia.com, and orbitz.com. are public accommodations, for which Naranda is responsible.  The information posted on the third party websites must be considered in addition to the information available on Naranda's brand website.

      3.      **Plaintiff's Complaint and Memorandum in Opposition to Motion to Dismiss fail to establish that Naranda violated the ADA, or that Plaintiff has suffered an injury in fact, or faces the threat of imminent future harm caused by any such violation.**

What distinguishes this case from the cases relied upon by the Plaintiff is the fact that the information which Plaintiff contends was not available to her on the third party operated websites was in fact available to her on Naranda's brand website.  Plaintiff does not allege that she ever attempted to access Naranda's website, or that the information and ability to book accessible rooms on Naranda's website did not exist.  There is no allegation that once the Plaintiff became aware of Naranda's Hotel on the third party operated sites, that Plaintiff was unable to access Naranda's site, or that doing so was unreasonably difficult.  Moreover, as the attached Affidavit of Naranda's employee, Ashley Cherry, demonstrates, it does not appear that there was an actionable violation of the ADA, even assuming Plaintiff's allegation that some of the third party sites temporarily did not show available accessible rooms at Naranda's Hotel.

The Affidavit of Ashley Cherry establishes that Naranda maintained a threshold number of rooms of each type (i.e. rooms with two queen beds, rooms with king beds, etc.)  which were not available for booking on third party sites to avoid a customer conflict where the last remaining room of a particular type is  booked by customers on Naranda's website, or at Naranda's physical location, before Naranda receives notice that the room has been booked on a third party site.  Naranda discovered that maintaining such a threshold in some cases limited the number of accessible rooms showing on third party sites.  Ms. Cherry's Affidavit establishes that on or about July 10, 2020, she sent an electronic refresh notice to Expedia.com (which operates more than one of the third party sites identified in the Complaint) directing that the threshold number of each type of room held back from availability on the third party sites be reduced to one.  The reduction of the threshold for each type of room to one meant that all of Naranda's

Hotel's rooms of each particular type would be available for booking on the third party sites. The Affidavit establishes that when Naranda was served with this lawsuit, Ms. Cherry performed a website audit on behalf of Naranda. Ms. Cherry determined that Naranda's room availability was not displaying on the Expedia.com site in accordance with the notice sent to Expedia.com. Ms. Cherry contacted Expedia.com and the problem was corrected in early September 2020. There was no discriminatory or wrongful conduct on the part of Naranda.

The Complaint does not allege that Naranda's website failed to include compliant information regarding available rooms. Plaintiff does not allege that she attempted to access Naranda's website to book a room, but was unable to do so.

As demonstrated below, whatever alleged violation of the ADA may have occurred on the third party sites was corrected in early September 2020. Inasmuch as the Plaintiff's Affidavit states that she plans to travel to the Baltimore area once the "Covid crisis abates", there are no facts to support the threat of imminent future injury to Plaintiff because the Covid crisis has not yet abated.

4. **The Plaintiff has not established that even if there had been a violation of the ADA based upon an alleged temporary lack of sufficient information on the third party websites, that the alleged violation requires redress, or that the violation can be redressed in this action where the owners and operators of the third party websites are not parties.**

Even if the Plaintiff had sufficiently alleged a violation of the ADA based upon a temporary lack of information appearing on the third party sites owned and operated by booking.com, trip.com, priceline.com, agoda.com, expedia.com, and orbitz.com, the Affidavit of Naranda employee Ashley Cherry demonstrates that any such violation was not the result of intentional conduct for which Naranda is responsible. To the extent any such violation existed, it was corrected in early September, 2020, before Plaintiff filed her Affidavit expressing her desire

to travel to Baltimore once the Covid crisis abates.  Any such alleged violation has been remedied before the Plaintiff has faced an imminent threat of future harm because, unfortunately, the Covid crisis has not yet "abated", and Plaintiff's expressed travel plans have not been affected in any way.  Plaintiff, therefore, has suffered no injury in fact, or the threat of future imminent harm requiring redress.

Moreover, if there was an alleged violation of the ADA because the third party websites did not display sufficient information, then it seems apparent under the circumstances of this case that such alleged violation, and the threat of injury in the future, if any, cannot be redressed where the third party operators of the websites are not parties.

## III.   <u>CONCLUSION</u>

The Plaintiff has not established that she has standing to bring this action because she has not demonstrated that she has suffered an injury in fact, or a risk of imminent future harm.  The Plaintiff's Opposition and Affidavit actually confirm that Plaintiff cannot show an individualized injury in fact.  The third party operated websites are not places of public accommodation.  The Plaintiff has not demonstrated a violation of the ADA.  The Affidavit of Naranda's employee, Ashley Cherry, establishes that any alleged violation has been corrected.

For the reasons set forth herein, and those set forth in the Motion to Dismiss and Memorandum in Support of Motion to Dismiss, Plaintiff's action should be dismissed for lack of subject matter jurisdiction.

DECARO, DORAN, SICILIANO,
GALLAGHER & DeBLASIS, LLP


By:      /s/ Steven J. Parrott
         Steven J. Parrott, #02162
         DeCaro, Doran, Siciliano,
          Gallagher & DeBlasis, LLP
         17251 Melford Boulevard, Suite 200
         Bowie, Maryland 20715
         (301) 352-4950
         Sparrott@decarodoran.com
         **Attorneys for Naranda Hotels, LLC**


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of October, 2020, Defendant's Reply to Plaintiff's Memorandum in Opposition to Motion to Dismiss  was electronically filed and served on counsel of record for Plaintiff, and a copy emailed and sent via first class U.S. Mail, postage prepaid to:

Tristan W. Gillespie, Esquire
Thomas B. Bacon, P.A.
5150 Cottage Farm Road
Johns Creek, GA 30022
Gillespie.tristan@gmail.com
**Attorneys for Plaintiff**

                                   /s/ Steven J. Parrott
                                   Steven J. Parrott, #02162